**FILED**
CLERK, U.S. DISTRICT COURT

3/31/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____KM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SALVADOR ISRAEL RODRIGUEZ<br>　　FLORES,<br>　aka "Isra,"<br>　aka "Israel Rodrigues,"<br>ADOLFO GABRIEL MEDINA CHAVIRA,<br>　aka "Hitler,"<br>JORGE FERNANDO CRUZ CABRERA,<br>　aka "Yoshi,"<br>JULIO CESAR CASTELLANOS CEJA,<br>HUGO ALEJANDRO SANCHEZ TAMAYO,<br>JORGE VILLA SANCHEZ,<br>LUIS MARIO MENDOZA GARCIA,<br>JUAN CARLOS GUTIERREZ VAZQUEZ,<br>EDGAR ALEJANDRO CONTRERAS<br>　　RAMIREZ,<br>LUIS CESAR SANTIESTEBAN DE LA<br>　　MORA,<br>ALFONSO LOAIZA,<br>　aka "Alfonso Lupe Beltran,"<br>　aka "Pedro Avila,"<br>OSCAR EFREN CADENA ALONSO,<br>GABRIEL PAZ MARTINEZ, and<br>OSCAR NOEL BELTRAN SALCIDO,<br><br>　　　　Defendants. | CR　2:26-cr-00185-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1956(h): Conspiracy to Launder Monetary Instruments; 18 U.S.C. § 1956(a)(1)(B)(i): Laundering of Monetary Instruments; 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i), (b)(i): Possession of a Short-Barreled Rifle in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. §§ 924 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1956(h)]

[ALL DEFENDANTS]

A.    OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing to on or about March 31, 2026, in Los Angeles, Orange, and Riverside Counties, within the Central District of California, and elsewhere, defendants SALVADOR ISRAEL RODRIGUEZ FLORES, also known as ("aka") "Isra" and "Israel Rodrigues," ADOLFO GABRIEL MEDINA CHAVIRA, aka "Hitler," JORGE FERNANDO CRUZ CABRERA, aka "Yoshi," JULIO CESAR CASTELLANOS CEJA, HUGO ALEJANDRO SANCHEZ TAMAYO, JORGE VILLA SANCHEZ, LUIS MARIO MENDOZA GARCIA, JUAN CARLOS GUTIERREZ VAZQUEZ, EDGAR ALEJANDRO CONTRERAS RAMIREZ, LUIS CESAR SANTIESTEBAN DE LA MORA, ALFONSO LOAIZA, aka "Alfonso Lupe Beltran" and "Pedro Avila," OSCAR EFREN CADENA ALONSO, GABRIEL PAZ MARTINEZ, and OSCAR NOEL BELTRAN SALCIDO, and others known and unknown to the Grand Jury, knowingly conspired and agreed with each other to commit the following offenses:

1.    To knowingly and intentionally conduct financial transactions knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, the importation and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959, 960, and 963, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the

2

proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2.   To knowingly and intentionally transport, transmit, and transfer monetary instruments and funds from a place in the United States to a place outside of the United States, knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and which monetary instruments and funds were, in fact, the proceeds of specified unlawful activity, that is, the importation and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959, 960, and 963, and knowing that such transportation, transmission, and transfer were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendants FLORES, CHAVIRA, CABRERA, CEJA, TAMAYO, SANCHEZ, GARCIA, and VAZQUEZ, and others known and unknown to the Grand Jury, would operate Mexico-based money laundering services, with operations centered in the Mexican state of Jalisco, through which co-conspirators would, for a prenegotiated fee, coordinate the collection of drug proceeds in the United States on behalf of the Mexico-based owners of the drug proceeds, coordinate the laundering of those drug proceeds, and coordinate the ultimate delivery of those

drug proceeds, minus prenegotiated fees, to the Mexico-based owners of the drug proceeds.

2.    To effectuate these services, defendants FLORES, CHAVIRA, CABRERA, CEJA, and TAMAYO would coordinate the delivery of hundreds of thousands of dollars in bulk cash drug proceeds at a time in cities across the United States, including in Los Angeles County.

3.    Defendants FLORES, CHAVIRA, CABRERA, CEJA, and TAMAYO would coordinate the exchange of token information, typically the serial number of a dollar bill, to be used in the handoff of the bulk cash drug proceeds so that the courier delivering the bulk cash drug proceeds could confirm that he or she was delivering the bulk cash drug proceeds to the correct recipient.

4.    Defendants FLORES, CHAVIRA, CABRERA, CEJA, and TAMAYO would identify, to the receiving party, the amount of bulk cash drug proceeds that would be delivered.

5.    Defendants RAMIREZ, DE LA MORA, LOAIZA, ALONSO, MARTINEZ, and SALCIDO, and others known and unknown to the Grand Jury, would act as the U.S.-based couriers of the bulk cash drug proceeds, and would deliver the bulk cash drug proceeds to recipients in Los Angeles County.  Defendants RAMIREZ, DE LA MORA, LOAIZA, ALONSO, MARTINEZ, and SALCIDO would use the token information provided to them by their handlers to confirm the identity of the individual to whom they were delivering the bulk cash drug proceeds.

6.    Defendants RAMIREZ and LOAIZA would possess firearms and ammunition to protect the bulk cash drug proceeds in the United States.

7.    Defendants FLORES, GARCIA, and VAZQUEZ, and others known and unknown to the Grand Jury, would coordinate the receipt of

4

hundreds of thousands of dollars in bulk cash drug proceeds at a time in cities across the United States, including in Los Angeles County, for the purpose of laundering the proceeds and transferring them to Mexico.

8. Defendants FLORES, GARCIA, and VAZQUEZ would coordinate the exchange of token information, typically the serial number of a dollar bill, to be used in the handoff of the bulk cash drug proceeds so that the courier receiving the bulk cash drug proceeds could confirm that he or she was the correct recipient for the bulk cash drug proceeds.

9. Following receipt of the bulk cash drug proceeds in the United States, defendants FLORES, GARCIA, and VAZQUEZ, and others known and unknown to the Grand Jury, would coordinate the counting of the bulk cash drug proceeds to confirm the exact amount received.

10. Defendants FLORES, GARCIA, and VAZQUEZ would coordinate the transfer of the drug proceeds, minus a prenegotiated fee, from the United States to Mexico, either through a wire transfer, a cryptocurrency transaction, or a cash hand-off in Mexico.

11. For wire transfers, Co-Conspirator 1 would receive the wire transfers in a business account associated with a money exchange business.

12. For cash hand-offs, Co-Conspirator 1 would receive bulk cash in Mexico concealed in, among other things, shoeboxes or backpacks.

13. Following receipt of the drug proceeds in Mexico, Co-Conspirator 1 would provide the cash equivalent of the received drug proceeds, minus a prenegotiated fee, back to the original coordinator

5

of the delivery of the bulk cash drug proceeds in the United States, which included defendants FLORES, CHAVIRA, CABRERA, CEJA, and TAMAYO.

14.  Defendants FLORES, CHAVIRA, CABRERA, CEJA, and TAMAYO would receive the cash equivalent of the received drug proceeds, minus a prenegotiated fee, from Co-Conspirator 1 at various locations, including a private room at a money exchange business, and through various means, including a courier who would wear a specialized vest with multiple pockets capable of concealing large quantities of cash.

15.  Defendant FLORES would receive the cash equivalent of the received drug proceeds, minus a prenegotiated fee, from Co-Conspirator 1 through various means, including wire transfers from business accounts associated with a money exchange business.

16.  Defendants FLORES, CHAVIRA, CABRERA, CEJA, and TAMAYO would oversee the return of the drug proceeds to the owners of the drug proceeds in Mexico.

17.  Through this conspiracy, defendants would collect, launder, and return to Mexico approximately tens of millions of dollars drug proceeds each year.

COUNT TWO

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2]

[DEFENDANTS CEJA and RAMIREZ]

On or about December 18, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants JULIO CESAR CASTELLANOS CEJA and EDGAR ALEJANDRO CONTRERAS RAMIREZ, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly conducted and willfully caused to be conducted a financial transaction, namely, the transfer of approximately $197,300 in United States currency representing drug trafficking proceeds, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, distribution of controlled substances, and conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of such proceeds.

7

COUNT THREE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2]

[DEFENDANTS FLORES, CHAVIRA, and LOAIZA]

On or about June 24, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants SALVADOR ISRAEL RODRIGUEZ FLORES, also known as ("aka") "Isra" and "Israel Rodrigues," ADOLFO GABRIEL MEDINA CHAVIRA, aka "Hitler," and ALFONSO LOAIZA, aka "Alfonso Lupe Beltran" and "Pedro Avila," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly conducted and willfully caused to be conducted a financial transaction, namely, the transfer of approximately $240,900 in United States currency representing drug trafficking proceeds, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, distribution of controlled substances, and conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of such proceeds.

8

COUNT FOUR

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2]

[DEFENDANTS FLORES, CHAVIRA, and LOAIZA]

On or about July 1, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants SALVADOR ISRAEL RODRIGUEZ FLORES, also known as ("aka") "Isra" and "Israel Rodrigues," ADOLFO GABRIEL MEDINA CHAVIRA, aka "Hitler," and ALFONSO LOAIZA, aka "Alfonso Lupe Beltran" and "Pedro Avila," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly conducted and willfully caused to be conducted a financial transaction, namely, the transfer of approximately $299,500 in United States currency representing drug trafficking proceeds, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, distribution of controlled substances, and conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of such proceeds.

COUNT FIVE

[18 U.S.C. §§ 1956(a)(1)(B)(i), 2]

[DEFENDANTS FLORES, CHAVIRA, and LOAIZA]

On or about July 3, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendants SALVADOR ISRAEL RODRIGUEZ FLORES, also known as ("aka") "Isra" and "Israel Rodrigues," ADOLFO GABRIEL MEDINA CHAVIRA, aka "Hitler," and ALFONSO LOAIZA, aka "Alfonso Lupe Beltran" and "Pedro Avila," and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly conducted and willfully caused to be conducted a financial transaction, namely, the transfer of approximately $400,000 in United States currency representing drug trafficking proceeds, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity, that is, distribution of controlled substances, and conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of such proceeds.

COUNT SIX

[21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II)]

[DEFENDANT RAMIREZ]

On or about January 5, 2024, in Riverside County, within the Central District of California, defendant EDGAR ALEJANDRO CONTRERAS RAMIREZ knowingly and intentionally possessed with intent to distribute at least 5 kilograms, that is, approximately 20.61 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[18 U.S.C. § 924(c)(1)(A)(i), (B)(i)]

[DEFENDANT RAMIREZ]

On or about January 5, 2024, in Riverside County, within the Central District of California, defendant EDGAR ALEJANDRO CONTRERAS RAMIREZ knowingly possessed a firearm, namely, a DPMS Panther Arms model A-15 5.56-caliber short-barreled rifle bearing serial number FFH093008, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii)(II), as charged in Count Six of this Indictment.

12

COUNT EIGHT

[21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II)]

[DEFENDANT DE LA MORA]

On or about April 3, 2024, in Los Angeles County, within the Central District of California, defendant LUIS CESAR SANTIESTEBAN DE LA MORA knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 2.01 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

13

COUNT NINE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II)]

[DEFENDANT DE LA MORA]

On or about April 3, 2024, in Los Angeles County, within the Central District of California, defendant LUIS CESAR SANTIESTEBAN DE LA MORA knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 1.20 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT DE LA MORA]

On or about April 3, 2024, in Los Angeles County, within the Central District of California, defendant LUIS CESAR SANTIESTEBAN DE LA MORA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 304 grams, of methamphetamine, a Schedule II controlled substance.

COUNT ELEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT LOAIZA]

On or about July 30, 2024, in Los Angeles County, within the Central District of California, defendant ALFONSO LOAIZA, also known as "Alfonso Lupe Beltran" and "Pedro Avila," knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.   a Smith & Wesson 1x9mm semiautomatic handgun, bearing serial number FDL8602;

2.   seven rounds of Remington Peters 9mm ammunition;

3.   two rounds of Sellier and Bellot 9mm ammunition;

4.   two rounds of Winchester 9mm ammunition;

5.   one round of Federal Cartridge Company 9mm ammunition;

6.   one round of GECO 9mm ammunition;

7.   one round of Giulio Fiocchi Lecco 9mm ammunition; and

8.   one round of Norma 9mm ammunition.

Defendant LOAIZA possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, Case Number PA019908, on or about January 26, 2001;

2.   Assault with a Firearm, in violation of California Penal Code Section 245(A)(2), in the Superior Court of the State of

16

California, County of Los Angeles, Case Number PA037968, on or about January 26, 2001;

3.  Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number PA057946, on or about January 4, 2008; and

4.  Perjury, in violation of California Penal Code Section 118(a), in the Superior Court of the State of California, County of Los Angeles, Case Number PA61499, on or about May 23, 2014.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Five of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

    (a)  Any property, real or personal, involved in such offense, and any property traceable to such property; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), any defendant so convicted shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be

//

//

//

18

divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000 or more in any twelve-month period.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Seven, Eight, and Twelve of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts Six and Nine through Eleven of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

//

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/ _____
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, Transnational Organized Crime
Section

JEHAN PERNAS KIM
Assistant United States Attorney
Deputy Chief, Transnational Organized
Crime Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Senior Trial Attorney, Transnational
Organized Crime Section

DECLAN T. CONROY
Assistant United States Attorney
Transnational Organized Crime Section

22